Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000961
05-MAY-2023
08:08 AM
Dkt. 68 SO

NO. CAAP-18-0000961

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BANK OF HAWAII, Plaintiff-Appellee,
v.
HOSSAIN MOSTOUFI; MITRA MOSTOUFI; BRASHER'S SACRAMENTO AUTO
AUCTION, INC., DIRECTOR OF BUDGET AND FISCAL SERVICES, CITY AND
COUNTY OF HONOLULU, Defendants-Appellants,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE "NON-PROFIT CORPORATIONS 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC111001366)


**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)

Defendants-Appellants **Hossain** Mostoufi and **Mitra**
Mostoufi (collectively, the **Mostoufis**) appeal from: (1) the order
granting the motion filed by Plaintiff-Appellee Bank of Hawaii
(**BOH**) to confirm the foreclosure sale, approve the commissioner's
report, award attorneys' fees and costs, enter a deficiency
judgment, and issue a writ of possession (**Order Confirming Sale**);
and (2) the judgment confirming the foreclosure sale (**Judgment
Confirming Sale**). Both were entered by the Circuit Court of the
First Circuit on November 26, 2018.[1] For the reasons explained
below, we affirm the Order Confirming Sale and the Judgment

---

[1] The Honorable Dean E. Ochiai presided.

Confirming Sale, without prejudice to the Mostoufis contesting the amount of any deficiency judgment should BOH move for entry of a deficiency judgment against either of them.

BOH filed the complaint below on July 5, 2011. BOH made two loans to Hossain.[2] Each loan was secured by a mortgage on real property (the **Property**) owned by the Mostoufis.[3] Hossain defaulted on the loans. BOH sought to foreclose on the mortgages. The Mostoufis answered the complaint, denied BOH's allegations, and asserted various affirmative defenses.

BOH filed a motion for summary judgment and interlocutory decree of foreclosure on March 2, 2018. On April 17, 2018, the circuit court entered findings of fact, conclusions of law, and an order granting the motion and appointing a commissioner to sell the Property (**Foreclosure Order**). The **Foreclosure Judgment** was entered on May 11, 2018. The Mostoufis did not appeal from the Foreclosure Judgment.

The commissioner filed a report on August 15, 2018. BOH was the only bidder at the foreclosure auction. On September 21, 2018, BOH moved for approval of the commissioner's report, confirmation of the foreclosure sale, award of attorneys' fees and costs, a deficiency judgment, and a writ of possession. The Order Confirming Sale and the Judgment Confirming Sale were entered on November 26, 2018. This appeal followed.

The Mostoufis contend that the circuit court erred because: **(1)** it didn't determine the actual value of the foreclosed property before ordering entry of a deficiency judgment; and **(2)** BOH's motion to recover its attorneys' fees and costs incurred to obtain the Foreclosure Judgment was untimely.

We review questions of law de novo under the right/wrong standard. HawaiiUSA Fed. Credit Union v. Monalim,

---

[2]  This case was the subject of two prior appeals: Bank of Hawaii v. Mostoufi, No. CAAP-13-0001679, 2016 WL 3615664 (Haw. App. June 30, 2016) (SDO); and Bank of Hawaii v. Mostoufi, No. CAAP-14-0001073, 2016 WL 3615334 (Haw. App. June 30, 2016) (SDO). We mention only the facts and procedural history relevant to this third appeal.

[3]  Hossain and Mitra are siblings.

147 Hawaiʻi 33, 40, 464 P.3d 821, 828 (2020), <u>cert. denied</u> <u>sub</u> <u>nom.</u> <u>Monalim v. HawaiiUSA Fed. Credit Union</u>, 141 S. Ct. 1059 (Mem.), 208 L. Ed. 2d 525 (Jan. 11, 2021). A mortgage foreclosure is a proceeding in equity. <u>Id.</u> at 41, 464 P.3d at 829. We review equitable relief for abuse of discretion; a trial court abuses its discretion if it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of the appellant. <u>Id.</u> at 40, 464 P.3d at 828.

**(1)** The Mostoufis argue that the circuit court erred by failing to determine the actual value of the Property before ordering entry of a deficiency judgment.

HRS § 667-1.5 (2016) "confers on the court specific authority to render a deficiency judgment, as an incident to the foreclosure." <u>Monalim</u>, 147 Hawaiʻi at 47, 464 P.3d at 835 (internal quotation marks omitted) (quoting <u>Bank of Honolulu,</u> <u>N.A. v. Anderson</u>, 3 Haw. App. 545, 549, 654 P.2d 1370, 1374 (1982)). HRS § 667-51 (2016) provides, in relevant part:

> (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:
>
> > (1) ***A judgment entered on a decree of foreclosure***, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;
> >
> > (2) ***A judgment entered on an order confirming the sale of the foreclosed property***, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and
> >
> > (3) ***A deficiency judgment***; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

(Emphasis added.) In this case, neither the Foreclosure Judgment nor the Judgment Confirming Sale liquidated the amount of any deficiency. The circuit court hasn't entered a deficiency judgment against the Mostoufis under HRS § 667-51(a)(3). Should BOH move for entry of a deficiency judgment, the Mostoufis could then "request a determination of the fair market value of the real estate as of the date of the foreclosure sale." Monalim, 147 Hawaiʻi at 49, 464 P.3d at 837 (cleaned up).[4] Accordingly, we conclude that the Mostoufis' first point of error is premature. It may be raised, if appropriate, on an appeal from any deficiency judgment that may be entered by the circuit court in the future.

**(2)** The Mostoufis argue that BOH's motion to recover its attorneys' fees and costs connected with the Foreclosure Judgment was untimely, because BOH didn't file the motion within fourteen days after entry of the judgment as required by Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(d).

HRCP Rule 54(d)(2) provides, in relevant part:

> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

> (B) ***Unless otherwise provided by*** statute or ***order of the court***, the motion must be filed and served no later than 14 days after entry of an appealable order or judgment[.]

(Emphasis added.)

---

[4]    In Monalim, the supreme court adopted a new method of calculating a deficiency judgment allowing "the deficiency defendant the right to insist that the greater of the fair market value of the real estate or the foreclosure sale price be used in calculating the deficiency." 147 Hawaiʻi at 45, 464 P.3d at 833 (cleaned up). The new right applied prospectively, "to foreclosure cases in which a deficiency judgment is first entered after the date of" the supreme court's opinion. Id. at 54, 464 P.3d at 842. In this case, the record on appeal does not reflect entry of a deficiency judgment; the right recognized in Monalim would thus apply to any future deficiency judgment against the Mostoufis.

The Foreclosure Order stated:

10. . . . At the hearing to consider confirmation of the foreclosure sale, . . . there shall be determined . . . the amount of the attorneys' fees and costs of [BOH], and the final payment of the proceeds of the foreclosure sale shall be directed.

BOH was allowed, under the Foreclosure Order, to file its motion for attorneys' fees connected with the Foreclosure Judgment as part of its motion for confirmation of the foreclosure sale. The Mostoufis' second point of error is without merit.

Based upon the foregoing, we affirm the circuit court's "Order Granting Plaintiff's Motion for: (1) Confirmation of Sale; (2) Approval of Commissioner's Report; (3) Attorneys' Fees and Costs; (4) Deficiency Judgment; and (5) Writ of Possession" and the "Final Judgment," without prejudice to the Mostoufis contesting the amount of any deficiency judgment should BOH move for entry of a deficiency judgment against either of them.[5]

DATED: Honolulu, Hawaiʻi, May 5, 2023.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants
Hossain Mostoufi and Mitra
Mostoufi.

J. Blaine Rogers,
Jenny J.N.A. Nakamoto,
Mitzi A. Lee,
for Plaintiff-Appellee
Bank of Hawaii.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[5] The parties do not raise, and we express no opinion on, the issue of whether Mitra can be a debtor on any deficiency judgment.